Filing # 142945259 E-Filed 01/31/2022 11:29:40 AM

IN THE COUNTY COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA
SMALL CLAIMS DIVISION

**BONNIE GARKOW,**

    **Plaintiff,**

v.                                                                       Case No.

**CONVERGENT
OUTSOURCING, INC.,**

    **Defendant.**

_____/

## PLAINTIFF'S STATEMENT OF CLAIM

**COMES NOW**, Plaintiff, **BONNIE GARKOW** ("Ms. Garkow" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Statement of Claim against Defendant, **CONVERGENT OUTSOURCING, INC.** ("Defendant"), and in support thereof states as follows:

### *Introduction*

1.    This action arises out of an alleged "Debt" as defined by 15 U.S.C. § 1692a(5) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), where Defendant communicated information in connection with the collection of the subject alleged Debt with person(s) other than Ms. Garkow, her attorney, or a consumer reporting agency without prior consent of Ms. Garkow given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy.

## *Jurisdiction and Venue*

2. This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3. Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4. Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

5. Venue is proper in Seminole County, Florida, where Defendant has physical locations in Seminole County, Florida.

6. Venue is proper in Seminole County, Florida, where this tortious cause of action accrued in Seminole County.

7. Venue is also proper in Seminole County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

## *Parties*

8. Plaintiff, Ms. Garkow, was and is a natural person and, at all times material hereto, is an adult, a resident of Seminole County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8) and/or 15 U.S.C. § 1692a(3).

9. At all times material hereto, Defendant was and is a business with its principal place of business in the state of WA, and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

10. Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a(6).

11. Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts.

12. Defendant collects or attempts to collect defaulted debts owed to another using the telephone and mails.

## *Statements of Fact*

13. Ms. Garkow opened an account with Sprint for personal or household use ("Account").

14. Sometime thereafter, Ms. Garkow encountered financial difficulties and fell behind on her payments towards the Account, which incurred an outstanding balance owed thereunder ("Debt").

15. Under information and belief, the Account and Debt was then sold, assigned, or transferred to Defendant for collection purposes.

16. The Debt was in default status at the time it was sold, assigned, or transferred to Defendant for collection purposes.

17. Ms. Garkow never directly provided Defendant with prior consent to communicate any information in connection with the collection of the Debt with any persons.

18. At no time has a court of competent jurisdiction authorized Defendant to communicate any information in connection with the collection of the Debt with any persons.

19. At no time has Defendant needed to effectuate a postjudgment judicial remedy when communicating any information in connection with the collection of the Debt with any persons.

20. Despite Defendant failing to have Ms. Garkow's prior consent to communicate information in connection with the collection of the Debt with any persons, Defendant has communicated information in connection with the collection of the Debt to third-party vendors.

21. As part of its utilization of third-party vendors, Defendant conveyed information regarding the alleged Debt to at least one third-party vendor.

22. The information conveyed by Defendant to its third-party vendor included Ms. Garkow's personal identifying information, contact information, status as a debtor, the precise amount of the alleged Debt, the entity to which Ms. Garkow allegedly owed the Debt, and the fact that the alleged Debt concerned a defaulted debt of Ms. Garkow.

23. Defendant also conveyed that it was a debt collector attempting to collect a debt from Ms. Garkow to its third-party vendor(s).

24. Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third-party vendor that provided risk assessments with respect to Ms. Garkow and the Account.

25. Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third-party vendor that provided various scrubbing services with respect to Ms. Garkow and the Account.

26. Defendant also communicated information in connection with the collection of the Debt to third-party vendors that it used to send collection emails to Ms. Garkow.

27. The third-party vendor used the information from Defendant's communication in connection with the collection of the Debt to populate some or all information into a prewritten template that was then sent to Ms. Garkow.

28. On or around March 6, 2021, Defendant used a third-party vendor to send an email directly to Ms. Garkow in connection with the collection of an alleged debt owed on the Account. *See* **Exhibit A.**

29. Defendant's March 6, 2021 email was addressed directly to Ms. Garkow, demanded a total amount due of $3,021.05, offered to reduce the alleged balance to $604.21, and represented that Defendant's March 6, 2021 email was "an attempt to collect a debt and any information obtained will be used for that purpose." *See* **Exhibit A.**

30. All of Defendant's emails to Ms. Garkow were done in connection with the collection of the alleged Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

31. Ms. Garkow re-alleges paragraphs 1-30 and incorporates the same herein by reference.

32. Ms. Garkow is a "consumer" within the meaning of the FDCPA.

33. The subject debt is a "consumer debt" within the meaning of the FDCPA.

34. Defendant is a "debt collector" within the meaning of the FDCPA.

35. Defendant's communication of information in connection with the collection of the Debt to the subject third-party vendor(s) is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and prohibited under 1692c(b).

36. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the Debt with person(s) other than Ms. Garkow, her attorney, or a consumer reporting agency without the prior consent of Ms. Garkow given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy.

37. As a result of the above violations of the FDCPA, Ms. Garkow has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

38. Defendant's actions have damaged Ms. Garkow by causing her stress.

39. Defendant's actions have damaged Ms. Garkow by causing her anxiety.

40. Defendant's actions have damaged Ms. Garkowby being an annoyance.

41. Defendant's actions have damaged Ms. Garkow by causing her aggravation.

42. It has been necessary for Ms. Garkow to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

43. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

 a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

 b. Awarding actual damages;

 c. Awarding costs and attorneys' fees;

 d. Ordering an injunction preventing further wrongful contact by the Defendant; and

 e. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **BONNIE GARKOW**, demands a trial by jury on all issues so triable.

Respectfully submitted this **January 31, 2022**,

/s/ Kaelyn Diamond
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiff*

# EXHIBIT A

From: **Convergent Outsourcing** <enotice@t.convergentusa.com>
Date: Sat, Mar 6, 2021, 11:29 AM
Subject  Your Sprint Account Ending in 2406
To: BONNIE <gark▇@gmail.com>

This is Personal and Confidential information for **BONNIE GARKOW** If you are not this person, please disregard and delete

Date: 3/6/2021

Dear BONNIE GARKOW,

We have been authorized to accept payment of 20% of the total balance, which is $604.21, in exchange for which Sprint will recall your account and cea e all collection activity If you are intere ted in taking advantage of thi  offer, call our office within 14 days of the date of this notice. Please note that this is not an offer to accept 20% of your debt as payment in full, but an offer for Sprint to remove your account from further collection efforts. We are not obligated to renew this offer.

You can call our office at 833-302-1245 or feel free to visit and review options to resolve your balance at www payconvergent com

**Your Account Summary**

| | |
|---|---|
| Creditor: | Sprint |
| Convergent Account #: | ▇5773 |
| Account Balance: | $3,021.05 |

**Reduced Balance Amount: $604.21**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector

Sincerely,
ELISHA HARDIN

Questions about Convergent?
Visit convergenthelp.com


Convergent

Convergent Outsourcing, Inc
800 SW 39th St., Ste 100
Renton, WA 98057
Mon-Thur 8am-8pm, Fri 8am-5pm CST

To unsubscribe from future emails from Convergent regarding this account, please  elect the un ub cribe option below
**unsubscribe**